## Case No. 2,429.

CARPENTER v. BUENA VISTA COUNTY.

[5 Dill. 556.] [1]

Circuit Court. D. Iowa. 1878.

COUNTY BONDS—AUTHORITY TO ISSUE — RECITALS —LEGISLATION OF IOWA—POPULAR VOTE — DEFENCES.

1. Under the legislation of Iowa, counties have the power to issue negotiable securities for borrowed money to aid in specified public improvements therein, or to meet extraordinary expenditures, if previously authorized by a vote of the people, but not otherwise.

2. Bonds, under the seal and signed by the proper officers of the county, payable to bearer, and containing a recital that they are issued pursuant to a vote of the people of the county, are presumptively valid, although the particular purpose for which the bonds were voted is not therein stated.

[See note at end of case.]

[See Nauvoo v. Ritter. 97 U. S. 391; Burleigh v. Town of Rochester, 5 Fed. 667; Thayer v. Montgomery Co., Case No. 13,870.]

On demurrer to the petition. The action is brought [by A. C. Carpenter] upon three instruments, substantially as follows: "Bond due in one year. Know all men, etc., that there is due from the county of Buena Vista to Lansing W. Lewis, or bearer, $1,000, with interest at the rate of ten per cent. per annum, payable on, etc., on surrender of annexed coupons. For the performance of all which the faith of the said county of Buena Vista is pledged. Said bond is issued in accordance with a law of the state of Iowa, and authorized by a vote of the commonwealth of the county of Buena Vista, submitted at the general election held October 9th, 1866, all the requirements of law having been complied with, and a special tax authorized by said vote to be levied from year to year for the payment of principal and interest of said bonds." Dated the 16th day of October, 1866, and alleged to be sealed with the seal of the county. signed by the president of the board of supervisors, and attested by the clerk of the county. The other bonds are the same. except one is payable in four and the other in seven years from the date thereof.

The petition alleges that the plaintiff became the owner and holder of these bonds for value and before they became due, and alleges that the county made, executed, and delivered the bonds to the said Lewis, the payee, in accordance with the recital in the bonds, setting forth that recital in haec verba. but not otherwise alleging for what purpose or consideration the same were executed. A copy of the bonds and coupons in suit is annexed to the petition as part thereof.

The county demurs to the petition on the ground that it does not appear that the officers of said county were authorized to issue

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the bonds, or that they were issued for a purpose authorized by law.

Under the legislation of the state, "the county judge (and since 1860 the county board of supervisors) may submit to the people of the county, at any general election, or at a special one called for that purpose, the question whether money may be borrowed to aid in the erection of public buildings; whether the county will construct or aid to construct any road or bridge which may call for extraordinary expenditure." Code 1851, § 114; Revision 1860, § 250. The next section prescribes the mode of submission. The next section is as follows: "Sec. 252 (116). When a question so submitted involves the borrowing or expenditure of money, the proposition of the question must be accompanied by a provision to levy a tax for the payment thereof, in addition to the usual taxes, and no vote adopting the question proposed will be of effect unless it adopt the tax also." By another section, the county judge (and since 1860 the board of supervisors), on being satisfied that the vote has been adopted, is to enter the proposition and result of the vote of record and to cause notice of its adoption to be published; "and from the time of entering the result of the vote in relation to borrowing or expending money, the vote and the entry thereof in the county records shall have the force and effect of an act of the general assembly." Revision, § 255 (119). Money thus raised constitutes a distinct fund. Id. § 260.

John D. Rivers, for plaintiff.
Galusha Parsons, for county.

DILLON, Circuit Judge. The bonds are negotiable in form, and purport to be under the seal of the county, and to be signed by the proper county officials. They are alleged to have been executed and delivered by the defendant, and on the demurrer it must be assumed that they are signed by the proper officers of the county, and are under its official seal. The substantial question presented by the demurrer is, whether, in an action against a county in Iowa, on bonds like those in suit, it is essential that the petition should affirmatively show, either by averment or by the recital in the instrument (which is made part of the petition), that it was issued for a specific purpose authorized by the laws of the state of Iowa, such as to construct public buildings, roads, or bridges. The question is material, because if it be necessary for the plaintiff to allege this, it would be necessary for him to prove it, and the bonds in suit would not, when produced on trial, make out a prima facie case for him.

In Iowa each county is, for specified administrative purposes, a corporation. Its affairs are managed by a board of supervisors. The supervisor system superseded what is termed the county judge system. The pow-

ers and duties of the county judge were devolved in 1860 upon the board of supervisors, including the authority, and the checks upon it, to borrow money and to issue obligations therefor. Starr v. Board of Sup'rs (1867) 22 Iowa, 492, 495.

In the statement of the case, the statutes of the state respecting the power of the county authorities to contract debts are given. These statutes have been construed by the supreme court of the state and of the United States, and it is judicially settled by these tribunals that the county has the power to issue negotiable bonds like those in suit for borrowed money or extraordinary expenditures, if thereto authorized by a vote of the people. Hull v. Marshall Co., 12 Iowa, 142; Lynde v. Winnebago Co., 16 Wall. [83 U. S.] 6.

These cases, in connection with Police Jury v. Britton, 15 Wall. [82 U. S.] 566, clearly lead to the conclusion that, while on the one hand there is no general power on the part of counties to issue negotiable paper which shall be free from equities in the hands of bona fide holders for value, yet there is such power in Iowa, when, for the purposes specified in the statute, its exercise is authorized by a vote of the people. The statute empowers the county authorities, on the prior sanction of a popular vote, "to borrow money" for public buildings, roads, and bridges, and this includes the incidental power to issue therefor the bonds of the county. It may be observed in passing that the duty of determining whether the vote has been adopted, and, if so, of entering it upon the records of the county, is one which the statute devolves upon the board of supervisors. Revision 1860, § 255.

The case before us, therefore, is one in which there is power given to the officers who signed and issued the bonds to do so, if thereto authorized by a previous vote, of the result of which they are by the statute made the judges. They have issued the bonds, and these are in the hands of holders for value. Those instruments recite that they "are issued in accordance with a law of the state of Iowa and authorized by a vote of the people of the county, at the general election held October 9th, 1866, all the requirements of law having been complied with, and a tax authorized by said vote to be levied from year to year for the payment of the principal and interest of said bonds." If the facts stated in the recital are true, the officers of the county had the power to issue the bonds in suit, and presumptively the recital must be taken as true. In the well known decisions of the supreme court concerning municipal bonds, the principle is established that where the power exists by legislative authority to issue negotiable securities, and the local officers, who by the statute are invested with the duty to carry out or execute this power, issue the bonds with recitals that the right to issue them exists, or has arisen, and the bonds have passed into the hands of bona fide holders for value, they are not open to the defence of consideration or fraud on the part of the officers, or non-compliance with precedent conditions to the right to exercise the power. Board of Com'rs v. Aspinwall, 21 How. [62 U. S.] 539; Moran v. Miami Co., 2 Black. [67 U. S.] 722, 724, 732; St. Joseph Township v. Rogers, 16 Wall. [83 U. S.] 644; Grand Chute v. Winegar, 15 Wall. [82 U. S.] 373; Kenicott v. Supervisors, 16 Wall. [83 U. S.] 452; Lexington v. Butler, 14 Wall. [81 U. S.] 282.

The principle of these decisions it is the duty of this court implicitly to apply to cases which fall within it. It is useless to question the principle they assert, and in this place not fitting to do so. Applying it to the pleading before us, it shows, in connection with the recitals in the bond, a prima facie liability on the part of the county.

But one possible distinction between this case and cases which have been decided by the supreme court occurs to me, and that is, that in those the bonds have usually contained a recital that they were issued under a specified act, or to pay for stock subscribed in a railway company, or, as in Lynde's Case, 16 Wall. [83 U. S.] 6, to pay for the erection of a county court-house. But the reason why the recital binds is, that it is made by the officers who are invested by the statute with the duty to decide whether the condition has been performed which authorizes the issue of the bonds. The reason applies as well to the case where the recital is in the general form here adopted as where it is more specific. Demurrer overruled.

NOTE [from original report]. After the foregoing decision was made an answer was filed, and, on demurrer thereto, the following points were ruled by Dillon and Love, JJ.: 1. In an action on a bond purporting to be issued by a county in Iowa, a plea of non est factum is a good defence. 2. Under the legislation of Iowa in respect of county bonds, a plea that a bond is invalid simply because it is not under the seal of the county, is demurrable. Ring v. Johnson Co., 6 Iowa, 265. Aliter as to ordinary county warrants. 3. A plea to an action on county bonds, that no proposition to borrow money had ever been submitted to or voted upon by the people of the county, that the board of supervisors of the county never decided that any such proposition had been carried, and never ordered any issue of bonds, and that the bonds were issued by the county clerk on his own motion and without any authority from the board, and without their knowledge, he forging to the bonds the name of the president of the board of supervisors, held, on demurrer, to present a good defence.